MURRAY, Respondent v. JIBBEN et al., Appellants

(135 · N.W.2d 227)

(File No. 10202. Opinion filed May 19, 1965)

**Paul E. Mundt,** Sioux Falls, for appellants.

**John L. Wilds** and **Christopherson & Bailin,** Sioux Falls, for respondent.

BIEGELMEIER, J. · In this action the trial court found defendants entered into an agreement to excavate and install a sewer line from a residence of plaintiff to the curb line; that such work was done in a negligent manner in that the flow in the line was backward toward the residence rather than away from it and this resulted because one point "A" in this line was about 2½ inches below point "B" where defendants made connection to the sewer at the curb 37 feet west of point "B", as shown on Exhibit 7; that plaintiff's damages were $557.83 for material and labor in repairing and replacing the line, for which amount judgment was entered.

Defendants claim the evidence does not justify the finding of negligent installation of the sewer line; yet in the

brief state this is primarily a question of fact. With the latter we are in agreement; such questions are for the trier of fact, here the trial judge. The evidence does support the findings and Exhibit 7 graphically confirms that point. These findings therefore bind us for under our cases this court does not disturb findings on appeal unless against the clear preponderance of the evidence.

██ ██ Defendants faintly argue they were not allowed to correct the faulty work, but were ordered off the property and the damages were excessive. Plaintiff testified he called defendants twice to repair the sewer and they refused and told him they didn't care which way the water ran. It was proper then for plaintiff to employ another to correct the defective sewer, and this even in the event defendants had offered to do so. See Hennington v. Valuch, Wis., 133 N.W.2d 824. Neither were the damages allowed excessive.

Affirmed.

All the Judges concur.